IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WALTER JASON PURKHISER | Cause No. CV-23-10-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| DEPARTMENT OF FAMILY AND CHILDREN OF GREAT FALLS, CASCADE COUNTY PROSECUTING ATTORNEY, STATE SUPREME COURT APPELLATE DEFENDER DIVISION, | |
| Defendants. | |

Plaintiff Walter Jason Purkhiser filed a Complaint alleging violations stemming from his state court dependency and neglect proceedings, as a result of which his parental rights were terminated. (*See generally* Doc. 1.) Purkhiser is a prisoner proceeding pro se and informa pauperis; he is currently incarcerated at Crossroads Correctional Center. (Doc. 3.) Purkhiser is serving a ten-year prison sentence for a Tampering with Witnesses and Informants conviction handed down in Lincoln County, Montana, in September of 2022.[1]

---

[1] See Correctional Offender Network: https://app.mt.gov/conweb/Offender/3033145/ (accessed

# I.    Analysis

As explained below, the complaint will be dismissed for lack of subject

matter jurisdiction.

## A. State Court Proceedings

The following facts, presumed to be correct, are summarized from the

Montana Supreme Court's opinion in *Matter of S.P.*, 2021 MT 57N, 403 Mont. 547,

481 P. 3d 1221 (Table):

> Purkhiser was in a relationship with K.S., they had a daughter, S.P. The Department of Public Health and Human Services, Child and Family Services Division (the Department) became involved. By the time of the Department's involvement, however, Purkhiser and K.S. were no longer in a relationship. S.P. was removed from K.S.'s care in August of 2017. S.P. was placed with K.S.'s adoptive father. Purkhiser and K.S. stipulated that S.P. was a Youth in Need of Care (YINC). Purkhiser did not seek placement of S.P. with him.

> The Department proposed treatment plans for both Purkhiser and K.S. Purkhiser stipulated to a treatment plan in December of 2018. Purkhiser was not considered as a placement for S.P. due to a history of violent assaults and an unresolved Partner or Family Member Assault charge against S.K. which occurred while S.P. was present. Both Purkhiser and K.S. stipulated to an extension of temporary legal custody (TLC).

> In August of 2018, Purkhiser filed a motion to dismiss the matter and requested that he be granted custody. By the time a hearing was held on the motion, in December of 2018, Purkhiser was incarcerated in Georgia on federal assault charges. The Department ultimately filed for termination of both Purkhiser and K.S.'s parental rights. Following a hearing, both parents' parental rights were terminated. Purkhiser and S.K. both appealed the decision, raising separate issues.

> Purkhiser alleged the court violated his due process rights by terminating his

April 10, 2022).

2

parental rights when it was never alleged that he abused or neglected S.P. and did not raise concerns about him in the initial petition filed with the district court. Purkhiser argued he should have been considered as the first placement option for S.P., because he was the noncustodial and non-offending parent.

The Montana Supreme Court found Purkhiser's arguments to be unpersuasive under the facts of the case. Purkhiser stipulated to adjudication of S.P. as a YINC. He did not object to the district court awarding TLC to the Department. Further, at an October 2017 show cause hearing and a subsequent February 2018 hearing, Purkhiser advised the court he was not seeking placement of S.P. with him. It was not until a year after S.P. was removed, that Purkhiser objected to S.P. being placed with her maternal grandfather. Further, given the concerns about Purkhiser's assaultive past, the Department requested that he submit to an assessment for domestic violence and anger management and sought a court-ordered treatment plan. Purkhiser refused to voluntarily participate in the assessments and objected to the treatment plan. It was not until Purkhiser was incarcerated that he, through counsel, stipulated to the treatment plan and withdrew the motion to dismiss the case. The Court found the record revealed that Purkhiser did not want or seek immediate placement of S.P. with him and did not object to the initial placement decision. The issue was not properly preserved for appeal and Purkhiser failed to show a due process violation. To the extent that Purkhiser asserted the district court erred in terminating his parental rights based on abandonment, the Court found the argument unavailing. The lower court's termination order stated it was Purkhiser's failure to successfully complete his treatment plan and his unlikeliness to change within a reasonable time that led to the termination, and not abandonment. The Court found there was no abuse of discretion in the lower court's decision to terminate Purkhiser's parental rights.

*See Matter of S.P.*, 2021 MT 57N, ¶¶ 2-12.

### B. Purkhiser's Allegations

Purkhiser does not identify a specific federal constitutional violation. Rather he sets forth his issues in narrative timeline, citing to various documents from the state court record, which are not attached to his complaint. (*See* Doc. 1 at 1-18.) Purkhiser appears to take issue with various findings and rulings made in the

underlying dependency and neglect/YINC proceedings. Attached to his complaint are a portion of a state court motion, (doc. 1-1), as well as several hand-drawn floor plans, (doc. 1-2 at 1-25), certificates of completion of various classes/courses, (*id*. at 26-40, 42-47), correspondence with the Missoula County Clerk of District Court, (*id*. at 41), and a Home Occupation Certificate issued to Purkhiser's former business in 2016. (*Id*. at 48.)

Purkhiser asks the Court for the following relief: to release S.P. back to his care and restore his full parental and custody rights; hold the Department, Cascade County, the Montana Supreme Court, lawyers and supervisors, and the caregivers and adoptive parents responsible; and, order that he and his daughter be compensated in the amount of $20,000,000.00 for all of the damage caused. (Doc. 1 at 20.) He further asks this Court to order certain information be disclosed, the prior judgment be set aside, and a new trial be ordered in his underlying state proceedings. (*Id*. at 21.)

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint was reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 8 Fed. R. Civ. P. requires a complaint "that states a claim for relief must

4

contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); Fed. R. Civ. P. 8(a)(2). The allegations must cross "the line from conceivable to plausible." *Id.* at 680. Pro se filings are "to be liberally construed." A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.12(h)(3); *see also Fiedler v. Clark*, 714 F. 2d 77, 78-79 (9th Cir. 1983)

Federal district courts do not have appellate jurisdiction over state court judgments. See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnston v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

5

*Rooker-Feldman* serves as a jurisdictional bar in a suit that is a "de facto appeal from a state court judgment," *Kougasian v. TMSL, Inc*., 359 F. 3d 1136, 1139 (9th Cir. 2004), when federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.,* 525 F. 3d 855, 859 (9th Cir. 2008).

The *Rooker-Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met: (1) the plaintiff lost in the state court; (2) the state court judgment was rendered before the filing of the federal claim; (3) the plaintiff complains of injuries caused by the state court judgment; and (4) the plaintiff's complaint invites the district court to review and reject the judgment of the state court. *Exxon Mobil Corp*., 544 U.S. at 284.

All factors are met in the present case. The Montana Supreme Court left undisturbed the state district court's determination that Purkhiser's parental rights be terminated. Thus, the first two factors are met: Purkhiser lost in the state district court, the order was filed before the instant complaint, and the Montana Supreme Court has denied relief. The third factor is met because the injuries of which Purkhiser has complained were caused by the state court judgment issued in in the underlying dependency and neglect case. Finally, Purkhiser specifically asks this

6

Court to assume jurisdiction of the state court matter and reverse the state courts'
prior orders.

Thus, all factors are met and Purkhiser's claims are barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over this case; it will be
dismissed.

## ORDER

Accordingly, **IT IS ORDERED** that

1.      This matter is **DISMISSED** for lack of subject matter jurisdiction.

2.      The Clerk of Court is directed to enter judgment pursuant to F. R. Civ.
P. Rule 58.

3.      The Court certifies that any appeal of this decision would not be taken
in good faith.

DATED this 11th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court